R. BALDINGER v. ROCKFORD INSURANCE COMPANY OF ILLINOIS.[1]

June 4, 1900.

Nos. 12,149—(136).

80 147
f80 146

## Foreign Insurance Company—Service of Summons.

A service of a summons and complaint against a foreign insurance company is sufficient to confer jurisdiction, if made upon a local agent of such company, under G. S. 1894, § 3158, which has not been repealed by Laws 1895, c. 175, § 77.

Action in the district court for Ramsey county to recover $600 on a fire insurance policy. Defendant obtained an order to show cause why the service of the summons should not be set aside on the ground that the court had no jurisdiction of defendant, which after hearing was discharged by Bunn, J. Defendant having answered, the case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $617.50. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Robert A. Eaton,* for appellant.

*S. P. Crosby,* for respondent.

LOVELY, J.

Action to recover upon a fire insurance policy. This suit was instituted by service of summons and complaint upon a local agent of defendant, under G. S. 1894, § 3158, which provides that such service shall be "of the same force and effect as personal service on a private individual." Before answering, defendant made a special appearance, and objected to the service, upon the ground that the act above referred to had been repealed by Laws 1895, c. 175, § 77. The objection was overruled, trial was had, and verdict rendered for the plaintiff, upon which judgment was entered, and an appeal therefrom brings the question of jurisdiction secured by such service into this court.

The only question necessary to be considered on this review is whether Laws 1895, c. 175, § 77, repeals the former statute (section 3158), above referred to. The latter act attempts to codify the in-

1 Reported in 82 N. W. 1083.

surance laws of this state, and is applicable both to domestic and foreign insurance companies. Section 77, above referred to, provides that no foreign insurance company shall be admitted and authorized to do business, until it shall comply with certain conditions specified in that section. Among other things, it shall be required, under subdivision 3 of that section, to execute an instrument filed in the office of the insurance commissioner appointing such commissioner or his successor its true and lawful attorney, upon whom all lawful process in any action or legal proceedings against it may be served, and therein shall agree that any lawful process against it, which may be served upon its said attorney, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force irrevocable as long as any liability of the company remains outstanding in this state. It is further provided that such service shall be made by leaving such process with the commissioner; also that such companies shall appoint as their agents residents of this state.

Previous to the act last referred to, service might not only be made on a local agent, under section 3158, supra, but upon a general officer of the company, under the provisions of G. S. 1894, § 5200, which evidently provides for the service upon the company referred to in section 77, supra; and, if section 77 repeals all former acts relative to the service of process on foreign insurance companies, it does so by implication, upon the theory that the method therein provided for is exclusive, and operates as a repeal of the former statutes on that subject; but, to justify a court in holding that an act is repealed by one subsequently passed, it must appear that the latter provision is certainly and clearly in hostility to the former. If by any reasonable construction the two statutes can stand together, they must so stand. State v. Archibald, 43 Minn. 328, 330, 45 N. W. 606. We are unable to see any repugnancy between the method of service of process on foreign insurance companies provided for in the act of 1895 and the former statutes on the subject.

The requirement for an agreement to abide by service on the commissioner is not new in this state. It has been a part of our state policy with reference to such companies ever since it was first

adopted. Laws 1876, c. 20. Its object undoubtedly was to compel foreign insurance companies doing business in this state to continue an agent here for the purpose of accepting service so long as any liability existed against such company; otherwise, such foreign corporation might do a large amount of business, retire from the state, and put its policy holders to unusual trouble and expense to obtain a consideration of their rights in the courts. There is nothing, either in the history of the law or in its terms as re-enacted, that indicates that it was passed to restrict or limit the rights of our citizens. Its purpose, on the other hand, was to protect, enlarge, and extend, rather than diminish, the rights of policy holders; and it seems, to our view, only reasonable to suppose that by adopting, and re-enacting in the general insurance law, a well-known and long-tried source of protection, it was not thereby intended by the legislature to limit its efficacy, and to repeal other statutes essential to secure similar results, without a clearly expressed declaration of that intent, which is entirely wanting in this case.

It cannot be presumed, either, that the legislature intended to extend to foreign corporations privileges which it does not bestow upon our own corporations of the same character; but, if the views of the defendant are correct, there is but one method of service upon a foreign insurance company, while there may be several methods upon domestic companies. It will not be assumed, either, that the right to obtain an efficient method of service on foreign insurance companies has been taken away without a sufficient substitute for the right of which our citizens have been deprived. If the method of service upon the commissioner is the only one that can be resorted to against foreign insurance companies, it would in many cases be impossible to obtain service, particularly of process issued before justices of the peace in distant parts of the state. Again, if it were not the purpose of the legislature in the act of 1895 to retain the right to serve on local agents, we cannot see the utility of that provision of section 77 of that act, which requires that such foreign company shall appoint as its agents residents of this state.

These considerations should be potent in influencing our judg-

ment against the claim that the statute of 1895 impliedly repealed all prior acts providing for service upon foreign insurance companies; but we think there is a further reason, clearly expressed in the act itself, that forbids the conclusion that the service provided for therein is exclusive. That service on the commissioner is cumulative is the only inference to be drawn from the provision in chapter 175, § 77, subd. 3, supra, which requires the agreement referred to in express terms to provide that any lawful process against the foreign company which may be served upon its said attorney—the insurance commissioner—"shall be of the same force and validity as if served upon the company"; thus, by its own terms, recognizing other methods of service than upon the commissioner, and clearly negativing the theory upon which defendant's claim must rest, viz. that the last enactment was intended to make the service on the insurance commissioner exclusive.

The judgment appealed from is affirmed.