SAMUEL M. MAGOFFIN v. MUTUAL RESERVE FUND LIFE ASSOCIATION.[1]

October 31, 1902.

Nos. 13,079—(54).

**Foreign Insurance Company—Service of Process.**

The stipulation which a foreign insurance company is required by statute to make and file with the insurance commissioner before doing business in this state, authorizing the service of process in any action against it on such officer, is irrevocable for any cause as to all of its outstanding liabilities growing out of any policies made in this state while the stipulation, or any renewal thereof, was in force.

Action in the district court for Ramsey county to recover damages for breach of a contract of life insurance executed by defendant, a foreign corporation. The summons and complaint were served upon defendant by delivering copies thereof to the insurance commissioner of Minnesota as provided by Laws 1895, c. 175, and the amendments thereof. Defendant appeared specially and moved to set aside this service on the ground that the appointment and authority of the insurance commissioner to accept the same had been revoked prior to such attempted commencement of the action. From an order, Otis, J., denying the motion, defendant appealed. Affirmed.

*Cobb & Wheelwright,* for appellant.

*James E. Trask,* for respondent.

START, C. J.

The defendant, appearing specially for that purpose, moved the

[1] Reported in 91 N. W. 1115.

district court to set aside the service of the summons herein, and appealed from an order denying its motion.

The record certified to this court, including the complaint, tends to show the following facts: The defendant is a foreign corporation, and engaged in the business of life insurance upon the assessment plan, having its home office and principal place of business in the city of New York. It was engaged in such business in this state from a time prior to December 2, 1885, until June 3, 1901, when its license or authority to transact such business in this state was revoked by the insurance commissioner of the state. It has, however, since such revocation, been collecting premiums due on its policies from residents of this state. On December 2, 1885, it issued and delivered in the due course of its business in this state a policy to the plaintiff, who then was, and ever since has been, a citizen of this state, insuring his life for the sum of $5,000. He accepted the policy, and paid the assessments to the defendant, in accordance with the terms thereof, for more than fifteen years, when, as he alleges in his complaint, the defendant unlawfully, and in violation of the terms of his policy, cancelled it. Thereupon he commenced this action to recover from the defendant damages for its failure to perform on its part the terms of the policy.

Prior to the issuing of such policy the defendant made and filed with the insurance commissioner of the state the stipulation required by the statute (G. S. 1894, §§ 3183—3189) as a condition precedent to its right to do business in this state. The stipulation was renewed the last time on July 25, 1899, in consideration of its having applied and been admitted to transact business in this state. After the revocation of its authority to do business in this state, and before the commencement of this action, the defendant executed an instrument purporting to revoke such stipulation, which was duly filed in the office of the insurance commissioner. The provisions of the statute as to the terms of the stipulation at the time the policy was issued were, in effect, that no foreign insurance company shall do any business in this state until it has filed with the insurance commissioner a written stipulation agreeing that any legal process affecting such company served on

the insurance commissioner shall have the same effect as if personally served on the company; and that,

"So long as any liability of such stipulating company to any resident of this state shall continue, such stipulation shall not be revoked or modified except that another shall be filed according to law."

The statutory provisions as to the stipulation at the time the last one was executed and filed were these:

"No foreign insurance company shall be so admitted and authorized to do business, [in this state] until * * * it shall, by a duly executed instrument filed in his office, constitute and appoint the insurance commissioner or his successor its true and lawful attorney upon whom all lawful processes in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state." Laws 1895, c. 175, § 77.

The summons in this action was served on the insurance commissioner, and not otherwise. This is sufficient to confer jurisdiction upon the court, unless the attempted revocation was effectual as to actions against defendant to enforce a liability growing out of its policies issued at a time when the stipulation or power was admittedly in force. Baldinger v. Rockford Ins. Co., 80 Minn. 147, 82 N. W. 1083. It is the contention of the defendant that the sole consideration for the stipulation was the license to do business in this state, and that, when the latter was revoked for any cause, the stipulation was revocable; and, further, that the express provision of the statute to the effect that the stipulation shall continue irrevocable so long as any liability of the company remains outstanding in this state is not a bar to its right to revoke the stipulation or power, because it was not one coupled with an interest. The case of Mutual v. Boyer, 62 Kan. 31, 61 Pac. 387, cited in support of this claim, is not in point, for the reason that the liability sought to be enforced in that case grew out of a policy made wholly in another state two years after its license had been revoked and it had ceased to do business in the state; or, in other

words, the liability in that case was not, as in this, an outstanding liability of the company in the state at the time the power was revoked. The case of Swann v. Mutual (C. C.) 100 Fed. 922, also relied on by the defendant, is distinguishable from the one here under consideration. In that case the statute construed fixed no limit to the duration of the operation of the stipulation, and the court held that it was not perpetual, but "coextensive, in its terms of existence, with the consideration, so to speak upon which it was adopted, namely, the authority to it [the company] to transact business in the state."

But our statute fixes a limitation to the term of the power, which is "irrevocable [only] so long as any liability of the company remains outstanding in this state." The only question, then, in this case is whether this provision of the statute is to be given any effect. The construction given to it and the stipulation by the defendant render both of no practical effect for the protection of resident policy holders, who accept their policies and part with their money while the stipulation is in force. Whether the stipulation is a power coupled with an interest within the technical meaning of that term it is unnecessary to inquire, for it is certainly an agreement relating to the remedy which policy holders might have for the enforcement of any liability of the company growing out of its policies issued while the stipulation is in force. The stipulation was not intended for the benefit of the insurance commissioner or of the state, but it was an agreement exacted by the state for the benefit of its citizens, as a condition precedent to the right of the company to do business in the state. It entered into and became a part of every policy which the company issued in the state while it was in force, and the insured acquired an interest therein to the same extent as if it were written into each policy, for the parties are deemed to have contracted with reference to the statute. Such being the case, it follows, and we so hold, that the stipulation here in question was irrevocable for any cause as to any liability of the defendant growing out of its policies issued while the stipulation or any renewal thereof was in force.

Order affirmed.