## STATE v. QUEEN CITY FIRE INSURANCE COMPANY.[1]

June 2, 1911.

Nos. 17,029—(14).

**Foreign insurance company — attorney to accept service.**

The provisions of chapter 155, Laws 1907, whichh require foreign insurance companies doing business in this state to appoint the insurance commissioner as their lawful attorney, upon whom legal process may be served, apply to an action brought by the state to collect taxes claimed to be due under chapter 420, Laws 1907.

**Same — insurance commissioner — action by state to recover taxes.**

In an action to recover from a foreign insurance company the amount of the tax claimed to be due under the retaliation law (chapter 420, Laws 1907), the state is the real party in interest, and the insurance commissioner is not, by virtue of his official position, incapacitated from representing the corporation for the purpose of accepting service.

[1]Reported in 131 N. W. 628.

**Statute not unconstitutional.**

> The requirement of the statute that foreign insurance companies shall appoint the insurance commissioner as their attorney, with power to accept service of legal process, is not in contravention of the federal constitution.

Action in the district court for Ramsey county to recover $554.88 alleged delinquent taxes due from defendant company. The defendant appeared specially and moved to set aside the service of the summons. From an order, Hallam, J., denying defendant's motion, it appealed. Affirmed.

*Harris Richardson, Harold C. Kerr,* and *U. S. G. Cherry,* for appellant.

*George T. Simpson,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for the State.

LEWIS, J.

Action by the state to recover from defendant, a South Dakota corporation $554.88 taxes for 1908, claimed to be due under chapter 420, p. 600, Laws 1907 (R. L. Supp. 1909, § 1709—1). Defendant appeared specially, and moved to set aside the service. The motion was denied, and defendant appealed.

Defendant entered upon the transaction of business in this state in 1905, and complied with section 1705, R. L. 1905, by appointing the commissioner of insurance as its attorney in fact upon whom legal process should be served. Within the proper time after the passage of chapter 155, p. 172, Laws 1907 (R. L. Supp. 1909, §§ 1705—1, 1705—2), defendant complied with its terms and appointed the commissioner its lawful attorney for such purpose. Prior to March 1, 1908, defendant filed in the office of the insurance commissioner its annual statement, showing the amount of business transacted in this state for the year 1908, and on or about that date the commissioner declined to renew defendant's license to do business, and no license was subsequently granted. This action was commenced October 12, 1910.

1. Defendant insists that: "Chapter 155, Laws 1907, does not contemplate service upon the insurance commissioner, after a corpo-

ration has been forced out of the state by that commissioner, in an action wherein the state itself is the plaintiff." Section 1 of chapter 155 is broad and sweeping. It reads: "That before any corporation, association or company, issuing policies of insurance of any character, and not organized or existing pursuant to the laws of this state, is admitted to or authorized to transact the business of insurance in this state, it shall, by a duly executed instrument, to be filed in the office of the insurance commissioner, constitute and appoint the insurance commissioner and his successor in office its true and lawful attorney upon whom all lawful processes in any action or legal proceeding against it may be served, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state."

A similar provision was construed in Magoffin v. Mutual R. F. L. Assn. 87 Minn. 260, 91 N. W. 1115, 94 Am. St. 699. Chapter 175, p. 433, § 77, Laws 1895, reads, "That the authority thereof (the stipulation) shall continue in force irrevocable so long as any liability of the company remains outstanding in this state," and we held, in an action by a policy holder to recover damages for the breach of a contract, that the stipulation was irrevocable as to all liabilities growing out of any policies made in this state. In that case, also, the insurance commissioner had revoked the license. The specific question involved and decided was that the stipulation was irrevocable as to policy holders. But the reasoning of the opinion necessarily includes a cause of action arising on behalf of the state as well as those on behalf of the policy holders. It was there held that the stipulation was not intended for the benefit of the company, but was a condition exacted by the state for the benefit of its citizens as a condition precedent to the right of the company to do business in the state.

In the present case the defendant filed the stipulation with knowledge that it might become indebted to the state for taxes under the provisions of chapter 420, p. 600, Laws 1907. A liability did arise under that chapter. Chapter 155, p. 172, Laws 1907, makes no exceptions as to the causes of action which may arise, but includes all liabilities; and the defendant must be held to have contemplated serv-

ice of process in actions of this character when it availed itself of the privilege to transact business within the state. See also State v. Brotherhood of American Yeomen, 111 Minn. 39, 126 N. W. 404.

2. Chapter 420, p. 600, Laws 1907, has been called the "retaliation law." It imposes on foreign insurance companies doing business in this state the same conditions, provisions, and requirements imposed by the laws of foreign states or countries upon like companies of this state transacting business in such foreign states or countries. The complaint states that the South Dakota statute requires all fire insurance companies, except mutual, doing business in that state, to pay into the state treasury two and one-half per cent. of the gross amount of premiums received during the preceding year, and as a condition of doing business in that state shall pay annually to the commissioner of insurance, in addition to all other taxes, one-half of one per cent. of the gross premiums received during the previous year. Defendant argues that the business of enforcing the collection of this tax devolves on the commissioner, and that he is the party in interest in this action.

Under the laws of this state all moneys collected through the commissioner or the insurance department, including taxes, fees, etc., go into the state treasury and belong to the state, and the state is the party in interest in this action. Not being personally interested, the commissioner is not the agent of the state in any sense which incapacitates him from representing the defendant.

3. There can be no application here of the rule that service upon an officer of a foreign corporation casually within another state is invalid, and not due process of law, and a denial of the equal protection of the laws under the federal constitution. The Supreme Court of the United States has sustained a similar statute, and held that service on the insurance commissioner was sufficient to bring the corporation into the state court. Mutual Reserve Fund Life Assn. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. ed. 987, approving Home Benefit Society v. Muehl, 109 Ky. 479, 59 S. W. 520.

Affirmed.