# Lewis *v.* International Insurance Co.

### Assumpsit.

(Decided November 23, 1916.   Rehearing denied December 3, 1916.
73 South. 629.)

1. **Insurance; Foreign Corporation; Process.**—The provisions of § 4560, Code 1907, are valid.

2. **Same; Service; Process.**—Construing §§ 4560 and 6112, Code 1907, and § 232, Constitution 1901, it is held that an action on a fire insurance policy issued in Geneva county by an insurance company which at the commencement of the suit was not doing business in the state was properly brought in Montgomery county and service of process upon the state insurance commission residing in Montgomery county was proper and gave the company a domicile in Montgomery county for the purposes of the suit.

3. **Pleading; Abatement.**—A plea in abatement must give the plaintiff a better writ.

(McClellan and Mayfield, JJ., dissent.)

APPEAL from Montgomery City Court.
Heard before Hon. C. P. MCINTYRE.

Suit by J. B. Lewis against the International Insurance Company upon a fire insurance policy.    From a judgment of non-suit plaintiff appeals.  Reversed and remanded.

HAMILTON & CRUMPTON and RUSHTON, WILLIAMS & CRENSHAW, for appellant.  STEINER, CRUM & WEIL, for appellee.

. GARDNER, J.—Suit on a fire insurance policy issued by the defendant company to plaintiff in Geneva county.   The defendant appeared and pleaded specially in abatement of the suit (which was brought in the city court of Montgomery) that the contract sued on was made in Geneva county, and "at that time, since, and to the time of the filing of said suit this defendant was a corporation, and at the time mentioned was not doing business by agent or otherwise in Montgomery county, Ala."

On demurrer to the plea being overruled, plaintiff filed a replication thereto, setting up in substance that at the time the cause of action arose and at the time of the institution of this suit defendant was not engaged in business in Geneva county and had ceased to do business in the state of Alabama; that the insurance commissioner of the state of Alabama, whose residence was in Montgomery, was the true and lawful attorney for the defendant, upon whom all lawful process in any legal proceeding against it might be served, as provided by section 4560, Code 1907. Demurrer to the replication was sustained, and on motion of plaintiff nonsuit was entered..

The question of prime importance on this appeal arises upon the sufficiency of this replication.   It discloses that the plaintiff rests the question of jurisdiction and venue on the provisions of said Code section, which reads as follows :·

"An insurance company shall, by a duly executed instrument filed in the office of the secretary of state, constitute and appoint the insurance commissioner, or his successor, its true and lawful attorney, upon whom all lawful process in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney, shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocably as long as any liability of the company remains outstanding in this state.   Any process issued by any court of record in this state, and served upon such commissioner by the proper officer of the county in which said commissioner may have

his office, shall be deemed a sufficient service of process on said
.company; and it is hereby made the duty of the insurance com-
missioner, promptly after such service of process by any claim-
ant, to forward by registered mail an exact copy of such notice
to the company."

The replication shows that the defendant has ceased to do
business in this state, and that the insurance commissioner, who,
by virtue of the above cited statute, is the true and lawful attor-
ney of the defendant company, resides in the city of Mont-
gomery.

(1) The validity of the said statute is conceded by counsel
for appellee in brief. Legislative enactments of like character
have met with the approval of both the state and federal courts,
as will appear from an examination of the following authorities:
*Magoffin v. Mut. L. Ass'n,* 87 Minn. 260, 91 N. W. 1115, 94 Am.
St. Rep. 699; *Woodward v. Mut., etc., Co.,* 178 N. Y. 485, 71 N. E.
10, 102 Am. St. Rep. 519; *Mut. Reserve Ass'n v. Phelps,* 190 U.
S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; *Conn. Mut. L. I. Co. v.
Spratley,* 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; *Hill v.
Empire, etc., Co.* (C. C.) 156 Fed. 797; *Hunter v. Mut., etc., L. I.
Co.,* 184 N. Y. 136, 76 N. E. 1072, 30 L. R. A. (N. S.) 677, and
note, 6 Ann. Cas. 291.

(2) The above-quoted statute provides that the authority of
the insurance commissioner as attorney in such cases shall con-
tinue in force irrevocably as long as any liability of the company
remains outstanding in this state. It is clear that the Legisla-
ture intended by the above language to provide a way by which
suits could be maintained on contracts made by insurance com-
panies, even when such companies had ceased to do business in
the state. Speaking of a similar statute of the state of Ken-
tucky, the Supreme Court of the United States, in the case of
*Mut. Reserve Ass'n v. Phelps,* 190 U. S. 158, 23 Sup. Ct. 709,
47 L. Ed. 987, said: "This and other kindred statutes enacted
in various states indicate the purpose of the state that foreign
corporations engaging in business within its limits shall submit
the controversies growing out of that business to its courts, and
not compel a citizen having such a controversy to seek for the
purpose of enforcing his claims the state in which the corpora-
tion has its home. Many of those statutes simply provided that
the foreign corporation should name some person or persons
upon whom service of process could be made. The insufficiency

of such provision is evident; for the death or removal of the agent from the state leaves the corporation without any person upon whom process can be served. In order to remedy this defect some states, Kentucky, among the number, having passed statutes, like the one before us, providing that the corporation shall consent that service may be made upon a permanent official of the state, so that death, removal, or change of officer will not put the corporation beyond the reach of the process of the courts. It would obviously thwart this purpose if this association, having made, as the testimony shows it had made a multitude of contracts with citizens of Kentucky, should be enabled, by simply withdrawing the authority it had given to the insurance commissioner, to compel all these parties to seek the courts of New York for the enforcement of their claims."

The Minnesota court, in *Magoffin v. Mut. Reserve Ass'n*, 87 Minn. 260, 91 N. W. 1115, 94 Am. St. Rep. 701, discussing a statute of that state, said: "But our statute fixes a limitation to the term of the power, which is 'irrevocable [only] so long as any liability of the company remains outstanding in this state.' The only question, then, in this case is whether this provision of the statute is to be given any effect. The construction given to it and the stipulation by the defendant render both of no practical effect for the protection of resident policy holders who accept their policies and part with their money while the stipulation is in force. Whether the stipulation is a power coupled with an interest within the technical meaning of that term it is unnecessary to inquire; for it is certainly an agreement relating to the remedy which policy holders might have for the enforcement of any liability of the company growing out of its policies issued while the stipulation is in force. The stipulation was not intended for the benefit of the insurance commissioner or of the state, but it was an agreement exacted by the state for the benefit of its citizens, as a condition precedent to the right of the company to do business in this state. It entered into and became a part of every policy which the company issued in the state while it was in force, and the insured acquired an interest therein to the same extent as if it were written into each policy; for the parties are deemed to have contracted with reference to the statute."

To like effect is the language of the New York Court of Appeals in *Woodward v. Mut. Reserve L. I. Co.*, 178 N. Y. 485,

71 N. E. 10, 102 Am. St. Rep. 521, wherein is found the following: "When defendant commenced issuing policies in that state after having complied with the conditions of the statute, its obligations toward its policy holders in that regard were precisely the same as if its promises to the state had been incorporated in the policies, and thereafter, whether the company continued to do business in the state or not, policy holders could commence actions by service of process upon the secretary of state."

It seems to have been the insistence of counsel for appellee that, conceding the validity of Code, § 4560, its provisions were intended merely to affect the question of jurisdiction, and not that of venue, and that, if appellee is suable in Alabama, the suit cannot be maintained in Montgomery county, for the reason that it is not now doing business in said county. This insistence is based on the provisions of section 232 of the state Constitution, together with section 6112 of the Code. The portion of section 232 here pertinent reads as follows: "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

And the Code section in point referred to provides that: "A foreign or domestic corporation may be sued in any county in which it does business by agent."

The meaning of the above-quoted provision of the Constitution, the changes it was intended to make, and the scope and extent of its provisions will be found fully discussed in the case of *Sullivan v. Sullivan Tbr. Co.*, 103 Ala. 371, 15 South. 941, 25 L. R. A. 543. The section itself and the opinion in the *Sullivan Case* disclose that it is applicable to corporations which have a known place of business and an authorized agent or agents in the state. As said in that opinion: "The first clause of the section of the Constitution which is under consideration prescribes inflexibility, as the condition upon which a foreign corporation may do business within this state, that it shall have 'at least one known place of business and an authorized agent or agents therein.' The succeeding clause declares that 'such corporation,' by which we understand not any every foreign corporation, but the corporation which has designated for itself 'a

known place of business and an authorized agent or agents there-in,' may be sued in any county where it does business."

So long as the defendant company had its known place of business and its authorized agent or agents doing business in this state, doubtless the provisions of the Constitution as construed in the *Sullivan Case* would have room for application. But legisla-·tive wisdom foresaw that some insurance companies, after transacting much profitable business, might withdraw from the state leaving outstanding liabilities and with neither an agent nor a known place of business in the state. For the protection of policy holders and to prevent the inconvenience and expense of their having to bring suit in a jurisdiction foreign to their residence and the place where the transaction occurred, the Legislature enacted what is now section 4560 of the Code of 1907. Its very language indicates that it was intended to meet just the situation here presented; for it provides that the authority of the insurance commissioner shall continue in force irrevocably as long as any liabilities of the company remain outstanding in this state.

The insurance commissioner is a resident of the city of Montgomery, where this suit is brought. Under the provisions of section 4560 he is the true and lawful attorney of the defendant company, its duly authorized agent for the purpose of service of process in legal proceedings, and, by the express language of the statute, the service of process upon him "shall have the same force and validity as if served on the company."

In the case of *Equitable L. I. Co. v. Vogel*, 76 Ala. 448, 52 Am. Rep. 344, is the following language: "A corporation has its domicile, as to debts due by it, in the state where it is chartered, for the reason that 'there only can it be sued, or found for the service of process.' This general rule has an exception; and a corporation, like a natural person, is suable wherever it can be found for the service of process, as provided by law. When, therefore, a· corporation has voluntarily subjected itself to suit in another state, and appointed an agent there, upon whom process may be legally served, as a condition of doing business, it has a domicile in such state for the purposes of suit, and can be found there for the service of process.—*New Eng. Mut. L. I. Co. v. Woodworth*, 111 U. S. 138 [4 Sup. Ct. 364, 28 L. Ed. 379]."

The following quotation from *Lafayette Ins. Co. v. French*, 18 How. 404, 15 L. Ed. 451, is found quoted in *Hill v. Empire St.*

*Min. Co.* (C. C.) 156 Fed. 797: "A corporation may sue in a foreign state by its attorney there, and, if it fails in the suit, be subject to a judgment for costs. And so if a corporation, though in Indiana, should appoint an attorney to appear in an action brought in Ohio, and the attorney should appear, the court would have jurisdiction to render a judgment in all respects as obligatory as if the defendant were within the state. The inquiry is not whether the defendant was personally within the state, but whether he, or some one authorized to act for him in reference to the suit, had notice and appeared, or, if he did not appear, whether he was bound to appear or suffer a judgment by default."

The action in the present case is personal and transitory. Speaking of such suits and the question of jurisdiction, this court, in *Smith v. Gibson,* 83 Ala. 284, 3 South. 321, said: "The general rule is that every country has jurisdiction over all persons found within its territorial limits, for the purposes of actions in their nature transitory. It is not a debatable question, that such actions may be maintained in any jurisdiction in which the defendant may be found, and is legally served with process. However transiently the defendant may have been in the state, the summons having been legally served upon him, the jurisdiction of his person was complete, in the absence of a fraudulent inducement to come.—*Peabody v. Hamilton,* 106 Mass. 217."

See, also, *Lee v. Baird,* 139 Ala. 526, 36 South. 720.

In the instant case the insurance commissioner, residing in Montgomery, represents the company, and under the statute the company is also here domiciled for the purposes of bringing suit, etc. Were the defendant a nonresident individual and served with process, the above authorities clearly demonstate that suit could be brought in the county where service was had. The provisions of the above-quoted section of the Code place the defendant company in like situation, and we are unable to see any sound reason why the same principle should not be applied. The construction placed upon this statute, in our opinion, is but the natural result of the language used. To construe it otherwise would leave many of its provisions, though forcibly expressed, without effect and useless.

Counsel for appellee in argument seem to indicate that the pleadings here show the defendant still engaged in insurance business in Geneva county. Such an inference cannot be drawn

from the language of the plea, and is expressly denied in the replication.

(3) We have treated the sufficiency of the replication as being the important question on this appeal, and consider it unnecessary to treat the demurrer to the plea further than to note that the only objection urged thereto is as to the failure of the plea to designate in what county the defendant was doing business by agent at the time of the institution of this suit.

We need not determine the sufficiency of the plea, but note in passing that it is still the rule in this state that such a plea "must give the plaintiff a better writ."—*Mohr v. Chaffe Bros.*, 75 Ala. 387; *Sloss-S. S. & I. Co. v. Milbra*, 173 Ala. 658, 55 South. 890.

We are of the opinion that the replication herein discussed was not subject to the demurrer. The judgment of the court below is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

MAYFIELD, J.— (dissenting).—I cannot concur in this decision. It is contrary to the Constitution and the statutes of this state, and is, in my judgment, without precedent in this or any other state. The decision and opinion are made to rest solely upon section 4560 of the Code, which has nothing whatever to do with the question decided by the court below, whose decision is here reversed. The question decided in the court below was one of jurisdiction, or, more accurately speaking, of venue. Section 4560 of the Code was not intended to relate, and does not now, and never has related to or had anything to do with jurisdiction of courts or venue of actions, whether transitory or otherwise; it purports (and, of course, was intended) to relate solely to service of process on foreign corporations.

To give the statute the effect which this decision accords it would be to render it unconstitutional and void. The statute with the construction now placed upon it would violate section 232 of our Constitution, which provides that foreign corporations may be sued in any county where they do business. This is tantamount to saying that they cannot be sued in any other county. This being a constitutional provision, the Legislature could not, if it desired, provide otherwise; and the Legislature

[Lewis v. International Insurance Co.]

has not attempted to provide otherwise.    It has provided a statute or statutes declaratory of the constitutional provision.    Section 6112 of the Code is the statute as to venue of actions against all foreign corporations, and, so far as the case is concerned, it follows the constitutional provisions that foreign corporations shall be sued in the county or counties in which they do business by agent.    It is true the statute and the Constitution use the word "may," and not the word "must" or "shall;" but the word "may," when so used, has the effect and meaning of "must" or 'shall."    To hold that section 4560 of the Code has the effect of allowing all suits against foreign insurance companies to be brought in Montgomery county, or the county in which the insurance commissioner resides, when the insurance company is not doing business in such county, and has not done any business in such county, clearly would be to hold in conflict with the constitutional provision and the statute, and also would be to violate the Fourteenth Amendment of the Federal Coustitution.    Such statute would be an unwarranted discrimination against such foreign corporations.    This court has both confused and confounded service of process upon foreign corporations with venue of actions against them, and has made the statute as to the service of process only do the service of fixing the venue of an action and the jurisdiction of a court.

Strange to say, and unusual as it is, our Constitution provides for both the venue of, and service of process upon, foreign corporations.    It provides that they shall be sued in the county or counties in which they do business, but also provides that process may be served on their agents anywhere within the state. —Const. § 232.    Section 6112 of the Code follows the Constitution as to venue against all corporations, domestic or foreign, insurance or otherwise.    Section 4560 follows the Constitution, as to service of process upon insurance companies, whether foreign or domestic.    If all foreign insurance companies can be sued in Montgomery county, when not doing business in that county, in spite of section 232 of the Constitution and section 6112 of the Code, which provide a different venue in such cases, then all domestic insurance companies may be sued in such county.    Section 4560 of the Code makes no distinction as between domestic and foreign corporations.    Likewise section 6112 of the Code makes no distinction as to venue between foreign and domestic corporations.

When a court is dealing with and deciding a question of venue, why it should follow or be controlled by a statute which deals solely with the service of process rather than by constitutional and statutory provisions dealing with venue is more than I can understand. As I have above pointed out, to make section 4560 of the Code serve as a venue statute would render it unconstitutional and void—would cause it to violate both the state and the federal Constitution.

The court has fallen into the same error into which counsel for plaintiff fell in drafting his replication which this court holds to be a sufficient answer to the defendant's plea in abatement. The replication goes upon the fallacious theory or supposition that, because the defendant company was not, at the time of the accrual of the cause of action sued upon or of the bringing of the suit, actually engaged in writing other insurance by agent in the county of venue, or in any other county, it was not doing business in such county in such sense as to make section 232 of the Constitution and section 6112 of the Code applicable. In other words, according to this theory, constitutional and statutory provisions as to venue do not apply, because the defendant was a foreign corporation, and was not at the time the suit was brought doing business in the state. This is an erroneous view of both the facts and the law. When a corporation goes into another state to do business therein, it thereby submits and commits itself to the jurisdiction of the courts of that state, as well as to its laws touching venue and to the same end as if it were a domestic or resident corporation, and it cannot avoid the jurisdiction or the laws as to venue or service of process by ceasing to do business in the state; nor does it lose its rights as to venue or as to service of process by ceasing to do business in the state. It is to this end that section 232 of the Constitution and section 6112 of the Code provide for the venue of suits against such corporations, and that the same section of the Constitution and sections 3642 and 4560 of the Code provide for agents, and the designation of known places of business, so that the service of process may be perfected on such corporations, as if they were domestic or resident corporations.

If section 4560 of the Code had provided that foreign insurance companies should have a place of business at the place of office or of residence of the insurance commissioner, instead of merely that a particular agent should be designated as the agent

upon whom service should be had, and the replications had averred this fact, I concede that the decision would be correct, if the statute were valid.  But the statute does not so provide, nor does the replication so aver.

It was pointed out in *Sullivan's Case,* 103 Ala. 371, 15 South. 941, 25 L. R. A. 543, that the mere fact that an agent of the corporation resided within a given county did not authorize suit in such county.  In that case it was said:  'The mere presence of an agent within the state, or within a particular county, authorized to transact particular business, not involving an exercise of the corporate powers or franchises, not a part of the business the corporation was created and organized to transact, is not within the proper meaning of the phrases 'do business' or 'does business.' "

To recapitulate and digest:   The Constitution and the venue statutes provides that foreign corporations must be sued in the county or counties in which they do business.  This is to deny that they can be sued elsewhere, because "may," as used in the Constitution and the statutes, has the legal effect of "must" or "shall."—*Ex parte Chase,* 43 Ala. 303.   The majority hold that notwithstanding this mandatory provision—on the one hand, of the Constitution, and, on the other, of a statute—section 4560 of the Code authorizes suits in counties in which the corporation is not doing business.  I do not think that this section was by the Legislature intended to have this effect, and that, even had they so intended, the effort would have been abortive, because it would have rendered the section in conflict with section 232 of the Constitution, which this court has repeatedly held to be both mandatory and self-executing.—See Annotations to Constitution.

The trial court has evidently overlooked the history and the purpose of section 232 of the Constitution.  Some of its history and its objects are well expressed by BRICKELL, C. J., in *Sullivan's Case, supra,* as may be seen by the following excerpts:

"By the common law, to maintain a personal action against a corporation, there must have been service of process upon its head or principal officer within the jurisdiction of the sovereignty from which corporate existence was derived.   The officer upon whom, in the sovereignty of its creation, service could be legally effected, binding the corporation, it may be, could be found in another jurisdiction, but he was not deemed to bear with him his official functions, and service upon him there effected

would not bind or affect the corporation. Whatever of legal proceedings could be pursued against the corporation, elsewhere than within the sovereignty of its creation, must have been authorized by legislation of the forum in which such proceedings were instituted.—*St. Clair v. Cox*, 106 U. S. 354 [1 Sup. Ct. 354, 27 L. Ed. 221]."—103 Ala. at pages 373, 374, 15 South. at page 941.

"The modification or relaxation of the common-law principle was rested upon the theory that the corporation by entering the state by its agents, engaging in the transaction of its corporate business, gave to itself 'a species of locality in the nature of a domicile, 'and was presumed to have assented to be sued in the courts of the state, as if it were a domestic corporation."—103 Ala. at page 375, 15 South. at page 942.

"Every attempt on the part of one nation or state, by its Legislature, to grant jurisdiction to its courts over persons or property not within its territory, is regarded elsewhere as mere usurpation; and all judicial proceedings in virtue thereof are held utterly void. This proceeds upon the known maxim: 'Extra territorium jus dicenti impune non paretur.' The presence of the corporation by its agents, engaged in the transaction of corporate business, was the essential fact which drew it within the jurisdiction of the courts of a state other than the state of its creation to entertain a personal action against it."—103 Ala. at page 376, 15 South. at page 942.

"When the Constitution is read in the light of pre-existing law, we understand what were the defects and mischiefs it is intended to supply and correct, the changes it is intended to make, and the scope and extent of its provisions. By comity or mere acquiescence a foreign corporation may not now make contracts from which it can derive rights or benefits, or transact any part of the business for which it was organized. The condition upon which it may do business, fixed and prescribed by the Constitution, is inflexible, and is unalterable by legislation.—*Farrior v. New England Mortgage Security Co.*, 88 Ala. 275 [7 South. 200]; *New England Mortgage Security Co. v. Ingram*, 91 Ala. 337 [9 South. 140]; *Nelms v. Edinburg American Land Mortgage Co.*, 92 Ala. 157 [9 South. 141]."—103 Ala. at pages 376, 377, 15 South. at page 943.

So far as the replication replied to the plea that defendant company was not doing business in Geneva county, it was pro tanto a mere traverse of the plea.

The complaint was on an insurance policy. The complaint and the plea, construed together, showed that the contract was made in Geneva county, that the property covered was situated in Geneva county, and that the contract as to the payment of premiums and of loss was to be performed in that county. Collecting premiums and adjusting and settling losses is always held to be the carrying on of insurance, and as much so as soliciting other insurance by agents. The plea therefore alleged, not in terms, but in legal effect, that the company was then, and is now, engaged in the business of insurance in Geneva county. So the replication was a mere traverse of the plea; and sustaining a demurrer to it was without injury, because the general issue would have raised the same issue.

This has been held by many courts, and by the Supreme Court of the United States, which is the final arbiter as to what constitutes 'doing business' in a state by a foreign corporation. In the case of *Connecticut Mutual Life Insurance Co. v. Spratley*, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569, at the time of suit brought in the state court the insurance company was not writing, had ceased to write, insurance, and had withdrawn its agents from the state, and had so notified the insurance commissioner; but the Supreme Court of the United States held that the company was still doing business because it was collecting premiums and paying losses. In the case the court, speaking through PECKHAM, J., said: "It cannot be said with truth, as we think, that an insurance company does no business within a state unless it have agents therein who are continuously seeking new risks and it is continuing to issue new policies upon such risks. Having succeeded in taking risks in the state through a number of years, it cannot be said to cease doing business therein when it ceases to obtain or ask for new risks or to issue new policies, while at the same time its old policies continue in force and the premiums thereon are continuously paid by the policy holders to an agent residing in another state, and who was once the agent in the state where the policy holders resided. This action on the part of the company constitutes doing business within the state, so far as is necessary, within the meaning of the law upon this subject."—172 U. S. at page 611, 19 Sup. Ct. at page 311 (43 L. Ed. 569).

Mr. Justice FIELD, speaking on the same subject (jurisdiction of a state court over foreign corporations), said: "It is suf-

ficient to observe that we are of opinion that, when service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record, either in the application for the writ, or accompanying its service, or in the pleadings or in the finding of the court, that the corporation was engaged in business in the state." —172 U. S. at page 615, 19 Sup. Ct. at page 313 (43 L. Ed. 569).

"In *United States v. American Bell Telephone Co.* [C. C.] 29 Fed. 517, Judge JACKSON stated the three conditions necessary to give a court jurisdiction in personam over a foreign corporation: First, it must appear that the corporation was carrying on its business in the state where process was served on its agent; second, that the business was transacted or managed by some agent or officer appointed by or representing the corporation in such state; third, the existence of some local law making such corporation amenable to suit there as a condition, express or implied, of doing business in the state."—172 U. S. at page 618, 19 Sup. Ct. at page 314 (43 L. Ed. 569).

The above excerpts have been often approved and reaffirmed by the Supreme Court of the United States.

It follows that, if a judgment should be rendered for the plaintiff on the replication in question, it would conclusively appear by affirmative matter of record that a state court had rendered judgment against a foreign corporation which was not doing business in the state. The judgment itself would proclaim its own invalidity. If the corporation is not doing business in the state when the suit is brought, then no action can be brought in the state against it, no matter what state statutes provide. It is the doing of business in the state alone which confers jurisdiction on the state courts to render personal judgments against foreign corporations.—*Sullivan's Case,* 103 Ala. 376, 15 South. 941, 25 L. R. A. 543.

The replication alleges that the defendant corporation was not doing business in the state. That denies the jurisdiction of any court in this state.

MCCLELLAN, J., concurs in the dissent.