## R. R. BETCHER v. MIDLAND NATIONAL BANK.[1]

June 11, 1926.

No. 25,249.

**Statute, authorizing action to set aside judgment obtained by fraud, construed.**

Section 9405, G. S. 1923, giving the right to bring an action to set aside a judgment obtained by perjury and fraud, was not intended to give a retrial of the same issues tried and determined in the original action.

Judgments, 34 C. J. p. 476 n. 8.

Action in the district court for Hennepin county under G. S. 1923, § 9405, to set aside a judgment on the ground that it was obtained by perjury. The matter was heard by Molyneaux, J., who ordered judgment in favor of defendant on the pleadings. Plaintiff appealed from the judgment. Affirmed.

*Ludwig O. Solem* and *Seth Lundquist,* for appellant.

*S. R. Child, H. E. Fryberger* and *Donald E. Bridgman,* for respondent.

TAYLOR, C.

On December 22, 1921, a judgment was duly entered on the verdict of a jury in favor of Fred Kreofsky and against R. R. Betcher and the First National Holding Company for the sum of $41,076.20. In June, 1924, Betcher brought this action under G. S. 1923, § 9405, to set aside that judgment on the ground that it was obtained by means of perjury. The trial court rendered judgment for defendant on the pleadings and plaintiff Betcher appealed. Although the receiver of the First National Holding Company was made a party to the action by order of the court, he took no active part therein and is not a party to this appeal.

The complaint in the original action was in the usual form of a complaint on promissory notes. The defendants therein interposed

[1]Reported in 209 N. W. 325.

separate answers each denying the execution of the notes. After the rendition of the verdict Betcher procured a transcript of the evidence but made no motion for a new trial and did not appeal.

The complaint in the present action alleges that in the original action Kreofsky testified that the defendants were indebted to him in the sum for which the notes were given; that defendants executed and delivered the notes to him; that he placed them in a tin box and placed the box in a safe in Betcher's office; and that Betcher thereafter surreptitiously took the notes from the box and destroyed them, for which reason he was unable to produce the notes at the trial. The complaint further alleges that this testimony was false in all particulars. The answer admits that Kreofsky testified as alleged in the complaint and asserts that the testimony so given was true. Plaintiff served a reply. Defendant made a motion to strike out the reply as sham and frivolous and for judgment on the pleadings. Plaintiff Betcher made a motion for leave to serve an amended complaint. Both motions were heard at the same time, and on July 14, 1924, plaintiff's motion was denied and defendant's motion was granted.

The amendments proposed to the complaint would have added to that document a superabundance of disparaging adjectives, but little of substance. If allowed, they could not have changed the result.

It appears without dispute from the files, records and affidavits on which the motions were submitted that the trial of the original action extended over a period of 10 days; and that the issue litigated at that trial was whether the notes there in controversy had in fact been executed and delivered to Kreofsky by Betcher and the First National Holding Company and had subsequently been wrongfully destroyed by Betcher as claimed by Kreofsky, or whether the claim asserted by Kreofsky was false and fraudulent. The present action is an attempt to relitigate the same issue and the same questions of fact fully litigated and determined in that action. The statute was not intended to accomplish any such purpose and the action will not lie. Saari v. Puustinen, 161 Minn. 367, 201 N. W.

434; Penniston v. Miller, 156 Minn. 403, 194 N. W. 944; Marcus v. K. & L. of S. 134 Minn. 338, 159 N. W. 835; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086; Kriha v. Kartak, 127 Minn. 406, 149 N. W. 666; Young v. Lindquist, 126 Minn. 414, 148 N. W. 455; McElrath v. McElrath, 120 Minn. 380, 139 N. W. 708, 44 L. R. A. (N. S.) 505. These cases cite numerous other cases to the same effect. If the defendants in the original action had any substantial ground for complaining of the result therein, their remedy was by a motion for a new trial or by an appeal.

The Midland National Bank was appointed guardian of Kreofsky in his lifetime and after his death was appointed administrator of his estate, and as such has been substituted as defendant in his stead.

The judgment is affirmed.

HOLT, J., took no part.