THE CITY OF JUNCTION CITY v. M. D. WEBB.

1. CITY — *General Ordinances, Revised and Reënacted — Prosecution, not Abated.* The general ordinances of a city were revised and consolidated for publication in book form, and were thus adopted and reenacted. An ordinance under which a prosecution had been begun was reënacted in substantially the same language, without any words of repeal, or any clause saving pending prosecutions. *Held,* That the effect of the reënactment was to continue uninterruptedly in force the provisions of the original ordinance, and that the pending prosecution was not thereby abated or affected.

2. INTOXICATING LIQUOR — *Unlawful Sale — Names Need Not be Stated.* In a prosecution under such ordinance for selling intoxicating liquor without a permit and contrary to law, it is not necessary that the complaint should allege the names of the persons to whom the liquors were sold.

3. COMPLAINT, *Part of Record*. The complaint filed before the police court, as well as the orders and judgments of that court, are part of the record, without being incorporated in a bill of exceptions.

*Appeal from Geary District Court.*

PROSECUTION for selling intoxicating liquor in violation of a city ordinance. Judgment for the defendant *Webb*, on October 5, 1889. *The City* comes to this court. The material facts appear in the opinion.

*Jas. V. Humphrey*, city attorney, for appellant.

*Thomas Dever*, for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: M. D. Webb was prosecuted before the police court of Junction City, upon a charge of selling intoxicating liquors in violation of a city ordinance. The complaint was filed on September 3, 1889, and on October 5, 1889, he was convicted, and adjudged to pay a fine of $50, together with the costs of the prosecution; from which judgment he appealed to the district court. When the case reached the district court, Webb moved for a dismissal of the complaint, and that he be discharged from custody, for the reasons, first, that no offense was charged against him; second, that the transcript from the police court did not disclose the offense with which he had been charged and of which he had been convicted; and third, that the ordinance under which he had been prosecuted and convicted had been repealed and superseded by another, which took effect on October 5, 1889, which was long after the offense was committed and the prosecution instituted.

It appears that the ordinance under which the prosecution was begun was enacted May 20, 1887. Subsequently, and in 1889, the mayor and council authorized and instructed James V. Humphrey to revise and prepare for publication in book form the general ordinances of Junction City. In pursuance of this authority, a revision and compilation of the general ordinances was prepared and submitted to the mayor and

council; and on October 5, 1889, the revision and compilation was approved and adopted by the mayor and council, and in pursuance of the resolution was published in pamphlet form. The ordinance under which the prosecution was commenced was reënacted and included in the revision in substantially the same language and with the same title as the original ordinance, enacted in 1887. There was no repealing clause in the ordinance, nor any repealing ordinance, general or special, in the revision; neither was there any saving clause in the ordinance as published, nor any general saving ordinance which expressly saved or continued pending prosecutions. The district court sustained the motion; and the city appeals.

The principal question presented for decision is, whether the action of the city council in revising the ordinances of the city for publication in convenient form, and in reënacting the ordinance in question in the same language, operates as a repeal of the original ordinance, or is to be construed as a continuation of the same. The general rule is, that the repeal of an ordinance or statute pending a prosecution under it operates to release the defendant, unless it is otherwise provided in the ordinance or statute, or unless there is some general ordinance or statute saving such prosecution. In the present case, however, there was no express repeal, and manifestly there was no intention on the part of the city council to repeal the ordinance. The purpose, as is evident from the resolution authorizing the revision, was to consolidate the general ordinances of the city, putting them in convenient form for publication and use. The ordinance in question introduced no new rule, nor did it in any way modify the offenses defined or the penalties imposed in the original ordinance. There was no language indicating a purpose to repeal the former ordinance, and it is obvious that the mayor and council intended that the new ordinance should stand as a continuation of the former one rather than a repeal of the same. It is a well-recognized principle, of frequent application, that the mere reënactment of an existing law in the same or substantially the same language, without a specific repeal, or any

manifest intention to change such law, will not necessarily operate as a repeal of the law, but will be construed as a continuation of the same. This rule is alike applicable to statutes and ordinances. It has even been applied to criminal statutes, where a new law expressly repealed the one reënacted, the reenactment being construed to continue in force the uninterrupted operation of the old law. (*The State v. Gumber*, 37 Wis. 298; *The State v. Wish*, 15 Neb. 448. See also *Kesler v. Smith*, 66 N. C. 154; *Fullerton v. Spring*, 3 Wis. 667; *Scheftels v. Tabert*, 46 id. 439; *Cheezen v. The State*, 2 Ind. 149; *Martindale v. Martindale*, 10 id. 566; *Cordell v. The State*, 22 id. 1; *The State, ex rel., v. Baldwin*, 45 Conn. 134; *Middleton v. Rld. Co.*, 26 N. J. Eq. 269; *United Hebrew Ass'n v. Benshimol*, 130 Mass. 325; *Lisbon v. Clark*, 18 N. H. 234; End. Interp. St., § 490, and cases cited.)

It is true, as contended, that every enactment is by implication a repeal of all prior laws so far as it is contrary and repugnant thereto, although there may be no repealing clause. But there was no change in the law, as we have seen, nor any words of repeal, and the reënactment of the new was simultaneous with the repeal of the old; and under the authorities cited the ordinances continued uninterruptedly in force, although there was no saving clause; and hence the pending prosecutions under the ordinance were not affected by the revision.

It is next contended that the complaint is insufficient because it does not state the name of the person to whom the liquor was sold. We think the offense was sufficiently described in the complaint without designating the name of the person to whom the liquor was sold. This is the rule prescribed by the legislature in the prohibitory law, where the penalties imposed for like offenses are much more severe than those imposed by the ordinance in question.

The objection that the complaint is not properly a part of the record without being incorporated in the bill of exceptions, must be overruled. (*The State v. Nickerson*, 30 Kas. 545.) Neither the complaint nor the orders and judgments

of the police judge could have been properly included in the bill of exceptions, and together they clearly show the offense with which the defendant was charged and of which he was convicted.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.