### FRANK SMALL v. AB. SMITH and Another.[1]

December 27, 1912.

Nos. 17,788—(109).

**Lien on logs — verification of statement.**

Action to recover for labor and services, in cutting and banking logs, rendered to a logging contractor, and to enforce a lien therefor on certain of the logs purchased by the defendant company. *Held*:

1. It is not essential to the validity of a lien statement, required by section 3525, R. L. 1905, that it be verified by the oath of some person having personal knowledge of the facts therein stated. Krengel v. Haslam, 118 Minn. 506, followed.

2. The findings of the trial court referred to in the opinion show a substantial compliance with the statute as to setting forth the dates of beginning and ending the labor.

[1] Reported in 139 N. W. 133.

3. A time check, issued by a contractor, or his foreman, to a laborer, containing a memorandum of the time of labor and the amount he is entitled to receive therefor, is the evidence and symbol of his claim for such labor. The indorsement in blank of such a check and a delivery thereof is an assignment in writing of the claim for labor, as required by the statute.

Action in the district court for St. Louis county against Ab. Smith and Duluth Log Company, to recover $88.41 and to foreclose a lien for services in cutting, hauling and banking certain logs. The answer of the Duluth Log Company denied that plaintiff's assignors ever performed services for it or that they had a lien upon its logs. The case was tried before Dibell, J., who made the findings and conclusions of law as stated in the opinion. From the judgment entered pursuant to the findings, Duluth Log Company appealed. Affirmed.

*Baldwin & Baldwin,* for appellant.

*William P. Harrison,* for respondent.

START, C. J.

This action was brought in the district court of the county of St. Louis against the defendant Smith, a logging contractor, to recover for manual labor and personal services in cutting, hauling, and banking certain logs and lumber, rendered to him by the plaintiff's assignors, and to establish a lien therefor on certain of the logs purchased from him by the defendant Duluth Log Company. The cause was tried by the court without a jury, and findings of fact and conclusions of law, so far as here material, were made to the effect following:

Seven different persons performed manual labor and personal services on the logs in question between October 1, 1910, and March 10, 1911, under contract therefor with the defendant Smith, who, on April 10, 1911, or within a month prior thereto, was indebted to them severally in the aggregate sum of $87.16. Thereupon he issued to each of them a memorandum of or time check for the amount he was owing to him, certifying that he had earned and was entitled to the sum specified therein. Each of such persons, after he had received his check, and prior to April 26, 1911, sold or assigned to the plaintiff the indebtedness so owing to him, and at the same time indorsed

in blank his time check and delivered it, so indorsed, to the plaintiff. On April 26, 1911, the plaintiff made a statement or claim of lien for the aforesaid amount, in which no dates, either of the beginning or ending of labor or services by any of the assignors, were set forth. On April 27, 1911, this lien statement was filed for record in the office of the surveyor general for the Fifth lumber district of Minnesota. The plaintiff attached to such statement or claim of lien so filed and recorded the time checks so indorsed in blank and delivered to him. There were no other assignments of any of the claims of indebtedness or claims of lien. The plaintiff had no personal knowledge of the facts set forth in such lien statement at the time of the making and filing thereof, and it contains no averments of knowledge of the facts therein set forth.

The conclusions of law were that the plaintiff was entitled to judgment against the defendant Smith for $87.16, with interest, which was a lien on the logs in question, and that judgment be entered accordingly. The judgment was so entered, from which the defendant Duluth Log Company appealed.

The record presents the sole question whether the facts found by the trial court sustain its conclusions of law as to the lien on the logs. The appellant claims that they do not, for the reasons that the lien statement was not verified by a person having personal knowledge of the facts, that such statement did not set forth the dates of the beginning and ending of the labor or services performed, and that there was no proper assignment in writing of the claims. The statute applicable to these questions is R. L. 1905, § 3525, which, so far as here material, reads as follows:

* * * "The lien holder may file * * * a statement, verified by the oath of some person having knowledge of the facts, setting forth his post office address, the dates of beginning and ending the labor or service. * * * Provided, further, that any person having a claim upon logs * * * may assign the same in writing to any person, * * * and the person to whom such claim may be assigned, his agent or attorney, may make and file for record the statement for lien."

The first claim can only be sustained by construing the statute as requiring the lien statement to be made by some person having personal knowledge of the facts, but such is not the language of the statute, which is "a statement, verified by the oath of some person having knowledge of the facts, * * * and the person to whom such claim may be assigned * * * may make and file for record the statement." The statute is a remedial one, and must be liberally construed, and, so construed, it is clear that it was not the intention of the statute to provide that the verification must be made by some person having personal knowledge of the facts; otherwise, an assignee could not verify the statement, although the statute expressly provides that he may do so. In the case of Krengel v. Haslam, 118 Minn. 506, 137 N. W. 11, it was held that a provision of R. L. 1905, § 3511, requiring a lien statement to be verified "by the oath of some person shown by such verification to have knowledge of the facts stated," does not require the verification to be made by a person having personal knowledge of the facts. Following the case cited, we hold that the statement in this case was properly verified by the assignee.

The claim that the lien statement was insufficient, for the reason that no dates of the beginning and ending the labor or service were stated therein, is based on the finding that in the statement or claim for a lien no dates either of the beginning or ending of the labor or service by any of the assignors were set forth. This finding, however, must be construed with the other findings of the trial court relevant to the question, which are to the effect that the work was performed between October 1, 1910, and March 10, 1911; that the contractor made and delivered to each of the persons performing such labor a memorandum of the time, or a time check, certifying the amount he had earned and was entitled to; that the time checks were severally indorsed in blank and delivered to the plaintiff; and, further, that he attached the time checks to his lien statement. Section 3549, R. L. 1905, provides that "in no case shall the liens given by this chapter be affected by any inaccuracy in the particulars of the lien statement; but, as against all persons except the owner of the property, the lien claimant shall be concluded by the dates therein given, showing the first and last items of his account." Construing

the findings of fact as a whole and with reference to the statutory provisions we have quoted, we hold that the lien statement was a substantial compliance with the statute as against the defendant company, the owner of the logs.

The last contention is that the assignments of the several claims to the plaintiff were not in writing within the meaning of the statute. The time checks were not negotiable in the sense of the law merchant, but they were the evidence and symbol of the claims for labor of the several peersons therein named. The indorsement of the checks in blank and their delivery to the plaintiff constituted in legal effect an assignment in writing of the respective claims of the assignors. Citizens Bank of Monticello v. Bonnes, 76 Minn. 45, 78 N. W. 875.

It follows that the findings of fact sustain the conclusions of law. Judgment affirmed.