## F. P. SHELDON v. C. M. PADGETT AND ANOTHER.
## G. W. LIND, APPELLANT.[1]

November 14, 1919.

No. 21,420.

**Notice of assignment of wages for labor on timber products.**

1. By the enactment of chapter 309, Laws of 1905 (section 3858, G. S. 1913), which contains no repealing clause, it was not the legislative intent to repeal or modify the provisions of section 7059, G. S. 1913, as to giving notice of the assignment of wages for labor upon timber products.

**Assignment in writing of labor claim.**

2. A time check issued by a contractor to a laborer, containing a memorandum of the labor and the amount he is entitled to receive therefor, is evidence of his claim for such labor, and the indorsement in blank of such check and delivery thereof is an assignment in writing of the claim as required by section 7059 of the statutes.

**Log and logging — lien statement.**

3. In perfecting a lien statement for wages for labor upon timber products under the provisions of section 7059, G. S. 1913, where the timber products are not all marked by registered log marks, it is sufficient to attach the original assignments of the claims to the statement filed in the office of the surveyor general of logs and lumber, and copies of such assignments to the statement filed with the clerk of the district court of the county.

[1]Reported in 174 N. W. 827.

**Same — recovery of attorney's fee.**

4. In an action to enforce a lien for wages for labor upon timber products, claimant is, under the provisions of section 7067, entitled to recover $10 statutory costs, and in addition thereto $20 attorney's fees.

Action in the district court for Koochiching county to recover $150.55 and foreclose a mechanic's lien therefor upon certain logs and timber products with $20 attorney's fee. The answer was a general denial. The case was tried before McClenahan, J., who made findings, ordered judgment in favor of plaintiff and declared the judgment to be a specific lien for the work performed, together with the indorsed time checks attached in the office of the clerk of court. From the judgment entered pursuant to the order for judgment, G. W. Lind appealed. Affirmed.

*S. H. Eckman,* for appellant.

*J. H. Brown,* for respondent.

QUINN, J.

Action against defendant C. M. Padgett, a logging contractor, to recover for manual labor, in cutting and hauling certain logs, ties, poles, posts and pulp-wood, rendered to him by the plaintiff's assignors, and to establish a lien therefor on such timber products owned by and in the possession of the defendant G. W. Lind. There was no appearance on behalf of the defendant Padgett. The cause was tried to the court, and findings of fact and conclusions of law were made that the plaintiff was entitled to judgment against the defendant Padgett for $150.55, with interest and costs, which was declared to be a lien on the timber products in question, and that judgment be entered accordingly. The defendant Lind appealed from the judgment so entered.

This action is one of 29 of the same nature brought by divers plaintiffs against the above named defendants to enforce liens for manual services in cutting and hauling timber products,[1] gotten out by the defendant Padgett as an independent contractor for the defendant Lind in Koochiching county during the logging season of 1916-1917. All such actions were tried and submitted at the June, 1917, general term of the district court of said county, upon substantially the same evidence. By stipulation of the litigants this and eight other of such cases were submitted to abide the final result herein.

[1] See Watson v. Padgett, and footnote, page 462.

It appears from the record and findings of the trial court, that the labor involved in this action was performed by 11 men and completed between October 1, 1916, and February 14, 1917; that on March 16, 1917, the men were given time checks for their work, which they indorsed in blank and delivered to the plaintiff, who cashed the same; that on the same day the plaintiff caused to be filed for record in the office of the surveyor general of logs and lumber for the Fifth district of Minnesota, in which such property then was and in which such labor was performed, a duly verified lien statement for all of said labor and services, together with the time checks thereto attached, and caused to be filed for record in the office of the clerk of the court of said county a similar lien statement for such labor and services, together with copies of the time checks attached thereto; that a portion of said timber so gotten out was marked "B-5," but it does not appear that such mark was ever recorded; that a portion was marked "Min" and "Lind;" that no written notice of the assignment, sale or transfer of any of such wages was ever given to the defendant Padgett, and that this action was brought prior to April 1, 1917.

It is urged on behalf of appellant that there was no valid assignment to the plaintiff of the wages of the various laborers, under the provisions of section 3858, G. S. 1913, being chapter 309, § 1, p. 493, Laws of 1905, which provides in effect that no assignment of wages shall give the assignee any right of action in law or equity, unless a written notice thereof be given to the employer within three days after the assignment. There is no question as to the sufficiency of the assignment in the present case, unless the same is rendered void by the statute referred to. A time check issued by a contractor to a laborer, as in this case, containing a memorandum of the amount of such labor, properly indorsed in blank, coupled with a delivery thereof, is a sufficient assignment in writing of the claim for labor, contemplated by the provisions of section 7059, G. S. 1913. Small v. Smith, 120 Minn. 118, 139 N. W. 133.

The lien statute was enacted in 1899. It is complete in itself. It provides, in effect, that any person having a claim for labor upon logs, cross-ties, poles or other timber, may assign the same in writing to any person either before or after the making and filing of the lien statement therefor as provided therein, and that the person to whom such assignment is

made shall be subrogated to all the rights of the original claimant, and may enforce the lien in the same manner and with the same effect as the original claimant might have done. The act provides how the claim may be assigned and how the lien may be enforced. It is in the nature of a special act designed to cover a particular class of work. Section 3858 is a general act and might control the prior act if it were intended to have that operation, but, where it is apparent that the subsequent act shall not so operate, then it will not be given such a construction. State v. Western Union Tel. Co. 111 Minn. 21, 124 N. W. 380, 126 N. W. 403.

While it is true the language of the later act is broad, providing that no assignment of any wages or salary shall give any right of action to the assignee, unless a written notice, together with a copy of the assignment, be given to the employer within three days, yet we are of the opinion that it was not the intent of the legislature that such act should modify or repeal the lien law under consideration. To so hold would, in effect, defeat the purpose of the lien law. That act provides for the assignment of claims for wages of this particular class, either before or after the filing of the lien statement. Such claims are generally small in amount. They are held by the workman for labor upon the timber products, generally in some remote part of the state. It was the purpose of the legislature to simplify and make easy the assignment and enforcement of such claims. Unless so made, the purpose of the law would be practically defeated. It was not the purpose of the legislature to interfere with or in any manner modify the provisions of the lien statute by the enactment of section 3858. Every object of that act may be carried out without interfering with the lien statute. It contains no repealing clause.

The statute requires the lien statement to be filed in the office of the surveyor general of logs and lumber when the timber is marked with a registered log mark; otherwise in the office of the clerk of the district court of the county, with the assignment of the claims attached thereto. It is urged that the filing in the instant case was not sufficient to perfect the lien, in that the original assignments were attached to the statement filed in the office of the surveyor general and only copies of the same attached to the statement filed with the clerk, and for this reason the lien claim was never perfected. We are unable to understand what more

could have been done. The timber products were not all marked alike. We think the lien statements sufficiently complied with the statute.

There is no merit in the objection urged by the appellant to the allowance of costs, disbursements and attorney's fees in this action. There was an allowance by the trial court of $10 as statutory costs and $20 attorney's fees. Section 7067, G. S. 1913, provides for "the costs allowed in ordinary actions in the district court and in addition thereto an attorney's fee of twenty dollars." As said by the learned trial judge: "By 'ordinary actions' * * * was meant such as are included in the term 'all other actions' as used in section 7974, G. S. 1913, and not equitable actions wherein costs may be allowed or not by the court under section 7978.

It is common knowledge that, before the amendment of the law so as to allow attorney's fees in log lien cases, a laborer with a small claim was often without a practical chance to enforce it, because he could not afford to employ an attorney, and it was the expressed purpose of chapter 342 [p. 432], Laws 1899, which furnished the basis of the present statute, to provide an attorney's fee, in addition to and not as a substitute for the costs theretofore allowed by statute, which costs belonged to the party recovering them and not to his attorney. Davis v. Swedish Am. Nat. Bank, 78 Minn. 408, 420, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400. Chapter 342 provides for a reasonable compensation for necessary legal services, collectible out of the property involved and to that extent relieving the claimant from the hardship of losing his wages, or a substantial part of them, even though successful in his action to enforce his lien."

The allowance of $20 as attorney's fees as made by the trial court in addition to the statutory costs was proper. There were also allowed as disbursements, sheriff's fees, $4.40 and court commissioner's fees, $1.50. We find no error in these items.

The question is here raised that it does not appear from the proofs that the work was completed. The point was not raised in the court below. But we think the evidence fully supports the finding. The defendant Padgett was an independent contractor for appellant in getting out the timber. He issued time checks on appellant to the laborers for work per-

formed. The issuance of these checks was evidence of the completion of the work.

Affirmed.

Brown, C. J., took no part in this case.

