STATE v. H. S. BJORK.[1]

December 7, 1923.

No. 23,596.

**Ordinance respecting making of stone monuments valid.**

    The validity of an ordinance, requiring a permit from the city council to carry on an occupation liable to become a nuisance in certain localities in a city, sustained under the decisions in State v. Dirnberger, 152 Minn. 44; State v. Amor & Co. 153 Minn. 244, 190 N. W. 59; Meyers v. City of Minneapolis, 154 Minn. 238; and Fischer v. St. Louis, 194 U. S. 361.

    · Complaint was filed in the municipal court of Minneapolis accusing defendant of violating an ordinance in that he had established and maintained within that city certain marble work and yard for the manufacture of monuments without obtaining a permit therefor. The complaint was tried before Reed, J., who found defendant guilty and fined him $25, or in default thereof imprisonment in the workhouse not exceeding 20 days. From the judgment entered upon the order, defendant appealed. Affirmed.

    *John N. Berg*, for appellant.

    *Neil M. Cronin*, City Attorney, and *Luther W. Youngdahl*, Assistant City Attorney, for respondent.

HOLT, J.

    Defendant appeals from a conviction of having, on October 26, 1922, wilfully and wrongfully maintained, within the corporate limits of the city of Minneapolis at 3517 Hennepin avenue, a certain marble work and yard for the manufacture and sale of stone monuments without first having obtained a permit from the city council to operate the same, contrary to an ordinance of the city.

    The ordinance passed October 25, 1912, provides that: "No person, natural or artificial, shall hereafter erect, alter, establish or

    [1]Reported in 195 N. W. 926.

maintain within the city of Minneapolis any greenhouse, concrete block factory, or marble works or yard for the manufacture or sale of stone monuments without having obtained a permit therefor from the city council."

The point is made that, even if the manufacture of stone monuments is a business or trade subject to police regulation in that it is apt to become a nuisance to adjacent residents, the sale of such monuments cannot be so considered. It is enough to say that no evidence at all was offered of any sale, so that the conviction rests exclusively on that part of the ordinance prohibiting the maintenance of a marble work or yard for the manufacture of stone monuments.

The evidence was ample to show that defendant was maintaining a marble work or yard for the manufacture of stone monuments within the city limits without a permit. It was not essential to prove that all the work necessary to be done upon the stone block, as taken from the quarry, was done at defendant's yard. The evidence showed that several men were at work every day with hand tools and machine driven chisels or drills upon the monuments, with smoke and dust issuing from the shed or factory.

The contention that the ordinance is void, because it is too general and does not define the conditions of the localities where such lawful occupations as the manufacture of stone monuments may be carried on, but leaves this to the discretion of the city council to determine in each case, is sufficiently answered by the late decisions in State v. Dirnberger, 152 Minn. 44, 187 N. W. 972; State v. Amor & Co. 153 Minn. 244, 190 N. W. 59; and Meyers v. City of Minneapolis, 154 Minn. 238, 191 N. W. 609. So is the claim of lack of power in the city council to enact the ordinance.

We are also of the opinion that the ordinance contravenes neither the state nor Federal Constitution under the authorities cited and that of Fischer v. St. Louis, 194 U. S. 361, 24 Sup. Ct. 673, 48 L. ed. 1018. In the latter case the same grounds for attack were urged as here. There is a difference between licensing the following of a vocation, as was attempted by the ordinance under review in Harrigan & Reid Co. v. Burton, 224 Mich. 564, 195 N. W. 60, and one

controlling by permit the place where a vocation, which may be a nuisance in certain localities, may be conducted. Having so lately, in the cases cited, considered the questions presented by this appeal, aided by exhaustive briefs and oral arguments of counsel of marked ability, we deem it unnecessary to again refer to the same arguments and authorities offered by the learned counsel for defendant.

The judgment is affirmed.