MARY C. DOYLE v. CITY OF ST. PAUL AND OTHERS.[1]

February 24, 1939.

Nos. 31,969, 31,970.

[1]Reported in 284 N. W. 291.

*Oscar Hallam, Richard A. Golling,* and *Herbert E. Wolner,* for plaintiff-appellant.

*John W. McConneloug* and *H. J. Flynn,* for defendants-appellants.

HOLT, JUSTICE.

In this action by a teacher in the public schools of the city of St. Paul against the city, its mayor, councilmen, and comptroller to recover a balance of salary claimed unpaid for the fiscal or calendar year of 1934, and also for a balance claimed unpaid for the year 1937, the trial court disallowed the $10.57 claimed for 1934, but awarded judgment for $188 for the amount claimed for 1937. Plaintiff appeals from the order refusing her a new trial as to the $10.57; and defendants appeal from the order denying their motion for amended findings or a new trial as to the amount awarded for 1937.

The facts were stipulated, or admitted by the pleadings, except as to certain matters upon which testimony was adduced and not controverted materially. The city of St. Paul is governed by a home rule charter. The public schools are in a special school district coterminous with the city limits and constitute a department of the city government. The mayor assigns one of the councilmen, designated as the commissioner of education, who is empowered to prepare in the form of an ordinance rules and regulations for conducting the schools, including salaries of employes, which ordinance so presented the city council may adopt. The mayor and the six councilmen form the city council. The city comptroller is elective and is the budget commissioner.

Plaintiff prior to 1929 had become a permanent teacher in the city schools in virtue of the teachers tenure act (1 Mason Minn. St. 1927, §§ 2935-1 to 2935-14). In 1929 the city council adopted an ordinance—No. 7034—referred to as the standing ordinance, fixing the salaries of teachers in the public schools of the city. It is graduated according to the years of teaching in the city schools, specifying a minimum for beginners and a maximum after a certain number of years of service. According to the schedule of this ordinance, plaintiff's salary was $2,350 during each of the years in

question. The city enters into no written contract with the teachers in respect to service or salary for the year. But in each of the years 1932 to 1935, inclusive, an ordinance amending ordinance No. 7034 was adopted reducing the salaries therein specified ten per cent for the next calendar year. The 1935 amending ordinance, reducing the salaries specified in ordinance No. 7034 ten per cent, also provided that ordinance No. 7034 should be in force for 1937. Whether it was lawful for the city council of 1935 so to ordain one year ahead of time need not be determined. When it appeared that there would not be enough money to pay the teachers' salaries in full for the year 1934, the city council and commissioner of education cut out one school day in the month of November, 1934, and deducted one day's pay therefor.

Plaintiff's appeal challenges the right of the commissioner of education to close the school for one day and deduct a proportional part of the salary, *viz.*, $10.57. The testimony of the accountant in the department of education shows that it was apparent from the time the budget for 1934 was adopted that, with the ten per cent cut in the salary schedule fixed by ordinance No. 7034, the budget did not cover the salaries so fixed. And the trial court concluded that since there was no service rendered on that one school day, when the schools were closed, there could be no recovery quasi contract, as held in respect to the claim for the year 1937. The trial court concluded that there was a valid enforceable contract as to salary until the budget item for salaries was exhausted. For reasons stated on defendants' appeal, there can be no recovery for salary beyond what may be equitably apportioned to each teacher from the item budgeted as teachers' salaries for the calendar year.

The learned trial court predicated recovery of the $188 upon this finding of fact:

"The plaintiff and the teachers on whose behalf this action is brought, the members of the city council, the comptroller, and many citizens of St. Paul had actual notice that the appropriations in the budget for the year 1937 for teachers' salaries for that year

was insufficient to pay in full the salaries provided for in ordinance No. 7034. All of them knew or were informed on or about and prior to November 26, 1937, that the salary item for teachers' salaries in the budget was exhausted prior to the first of December, 1937. On or about November·17, 1937, the city of St. Paul by a resolution adopted by the·city council, and thereafter through the action of the commissioner of education, elected to keep the·schools of said city in session as usual during the month of December, 1937. On and after November 26, 1937, the plaintiff and said other teachers were 'permanent teachers' under the state teachers tenure law. During the usual days for school during the month of December, 1937, the schoolrooms in the schoolhouses in the city of St. Paul were filled with pupils attending school. The plaintiff and the other teachers performed their duties as teachers in said schools during the month of December, 1937, as usual. In so doing they acted in good faith. They were not endeavoring knowingly to profit from an illegal contract. They were informed by eminent counsel that if they failed to teach they might be jeopardizing their rights under the teachers tenure law and in the teachers retirement fund. They had reason to believe that if they failed to teach their action might bring injury and ill-repute upon the city. In continuing to teach they were exercising ordinary prudence, were protecting valuable contract rights, were obeying the demands of their superiors in the school district and were performing a vital and valuable public service."

The value of the benefits of plaintiff's services to the city after the salary budget item was exhausted the court found to be $188. It was also found that the comptroller could have submitted an item in the budget for teachers' salaries under ordinance No. 7034 without violating any charter provision or exceeding the debt or expense limitations prescribed. Defendants contend that there is no evidence to support what is stated in the finding quoted in respect to the good faith of the teachers, but that is not deemed important for a decision.

Recovery of the $188 was placed not upon contract, but upon quasi contract, the court reasoning thus: Plaintiff had a contract with the city to teach in its schools for the calendar year 1937. Her compensation for that year was fixed by ordinance No. 7034. Until the exhaustion of the budget item for salaries, the contract for compensation was valid and enforceable, but ceased the moment that was exhausted, and from then on her cause of action, if any, for teaching was not for salary but for benefits received and retained by the city *quasi ex contractu*.

We cannot so view the situation. Plaintiff was in the permanent employ of the city as a teacher in the public schools in virtue of the teachers tenure act. However, compensation or salary is an essential of every employment and is a matter of contract. Under the charter provisions salaries are fixed by ordinance proposed for schools by the commissioner of education and adopted by the city council. Ordinance No. 7034 was so adopted in 1929, but of course it was not designed to apply to every year in the future. So the expedient was devised of proposing and adopting an ordinance in November or December each year amending the standing ordinance of 1929 by reducing the salaries therein specified for the next calendar year so as to come within the salary item of the budget for that year. Assuming now that ordinance No. 7034 fixed the compensation of plaintiff at $2,350 for the calendar year 1937, it included compensation for her services as a teacher during the whole year. It was not so much per school day or school month but a lump sum for the year payable in ten monthly installments. Whatever teaching plaintiff was to do in the city school for that year came under her contract of employment at the salary so fixed. In Putnam v. City of St. Paul, 75 Minn. 514, 78 N. W. 90, the statutes pertaining to the conduct of the city's school system were not much different from the charter provisions now applicable to the question here involved, and a recovery was denied for three reasons therein specified, the second and third of which prohibit a recovery here. It is settled law that a school district or municipality may be held as upon a quasi contract for benefits received under a void contract. Olsen v. Ind. and Cons. School Dist. No. 50, 175 Minn. 201,

220 N. W. 606. But here it was the duty of the commissioner of education and the city council to fix plaintiff's salary for the calendar year 1937 by ordinance. It was so fixed by the amendment of the ordinance No. 7034 in 1935 by ordinance No. 7651, providing that said ordinance No. 7034 should be in full force and effect during the year 1937. Everyone considered this a valid contract as to the teachers' salaries for that year. Because it exceeded the budget item for salaries the contract was neither illegal nor void, but it was of no effect as to a larger sum than that allowed by the budget. All who contract with school districts or municipalities are charged with knowledge of their powers and limitations. Martin v. Common School Dist. No. 3, 163 Minn. 427, 429, 204 N. W. 320; Sutton v. Board of Education, 197 Minn. 125, 266 N. W. 447; Judd v. City of St. Cloud, 198 Minn. 590, 272 N. W. 577. In this instance there was actual knowledge on the part of plaintiff and the other teachers that the budget adopted did not meet the salaries specified in ordinance No. 7034, before the teaching began for the year 1937. We think the charter provisions must be considered a part of the contract respecting salaries. As far as provisions affect this question they are found in §§ 200 to 210 of the charter. The provision relating to the duties and powers of the city comptroller to limit the items in the yearly budget for every department of the city government was considered and put at rest in State ex rel. Gillis v. Goodrich, 195 Minn. 644, 264 N. W. 234. The pertinent sections of the city charter were there fully considered. If the limit or check the comptroller is empowered by the charter to put upon city expenditures in the different city departments can be frustrated by the expedient of holding that a contract with a city employe as to yearly salary ceases and is of no effect the moment the item in the adopted budget for such salary is exhausted, and his services thereafter rendered are not under the contract, but may be recovered for under the theory of quasi contract, there is no way to hold the expenditures to any budget limit. We think the salaries fixed by any ordinance adopted are limited each year to the item budgeted to teachers' salaries for the succeeding calendar year.

564

This was a test case, and it was brought in behalf of the other teachers and the court directed judgment against the city of St. Paul for them for an amount similarly ascertained.

The order appealed from by plaintiff is affirmed; and the order appealed from by defendants is reversed with directions to amend the conclusion of law so as to render judgment that plaintiff recover nothing, with costs and disbursements to defendants.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

