MARY C. DOYLE v. CITY OF ST. PAUL.[1]

December 29, 1939.

No. 32,196.

[1]Reported in 289 N. W. 785.

*Oscar Hallam* and *Bruce J. Broady,* for appellant.

*John W. McConneloug* and *H. J. Flynn,* for respondent.

STONE, JUSTICE.

After trial without a jury and decision adverse to her, plaintiff appeals from the judgment for defendant.

Before 1932 plaintiff had served as teacher in the public schools of St. Paul for more than the three years required to establish her rights and status as a "tenure teacher" under L. 1927, c. 36, 1 Mason Minn. St. 1927, § 2935-1, *et seq.* She taught during the entire school year of 1932, and seeks by this action to recover $58.75, which she claims was a portion of her salary for that year wrongfully withheld by the city.

In June of 1932 plaintiff received from the superintendent of the St. Paul schools written notification of her appointment as a teacher for the school year of 1932-1933. The appointment was subject to the following conditions:

"\* \* \*

"2. The salary specified herein may be changed by the City during the period of this appointment by amendment of the present Council salary ordinance. Upon the adoption of any such amendment, the new salary rate so determined shall take effect immediately and be paid for the balance of the school year unless otherwise provided by said ordinance.

"3. If the Department of Education shall be authorized by the City Council during the course of the school year, to change the

544

length of said school year, the compensation for the time omitted or added by such change shall be figured on a pro rata basis of the salary then being paid under this appointment."

Promptly plaintiff filed her written acceptance "upon the conditions specified" in the notice "and in accordance with the laws and ordinances of the City of St. Paul."

Until November 10, 1932, the salaries of the teachers of the city schools, inclusive of plaintiff, had been fixed by ordinance No. 7034, known as the "Teachers' Basic Salary Ordinance." Thereunder plaintiff's salary was $2,350. She was required to teach 20 days in each of 10 months of four weeks each. That made her compensation per working day, inclusive of paid holidays, $11.75.

As of November 10, 1932, the city council passed ordinance No. 7423. It was a self-declared emergency measure, necessitated by "the unprecedented and unforeseen shrinkage in the payment of taxes for the year 1932, due to the present depressed economic conditions." It operated upon "all officers and employes of the City of St. Paul in the classified and unclassified service, whose salaries are not fixed by the Charter or State Law." That included all teachers in the public schools. The ordinance required that all officers and employes subject thereto "be employed not to exceed five-sixths of their present working schedule, and all salaries now fixed by ordinance or ordinances for said officers and employes, whether computed upon an hourly, annual or monthly basis shall be and hereby are reduced correspondingly."

Pursuant to that ordinance, the department of education, while it did not reduce the actual working time of the teachers, did reduce their pay to this extent. Theretofore it had been customary to pay teachers for the Friday after Thanksgiving and for the four days following the closing of the schools for the holiday recess, although no teaching was done any of those five days. They were considered as "paid holidays." Under the new ordinance, No. 7423, which by the way was effective only "for the remainder of the year 1932," the salaries were reduced by denying compensation for what had formerly been the five "paid holi-

days." That action, plaintiff claims, was beyond the power of the council and so without effect upon her contract rights.

■ At the threshold of consideration we meet the argument for plaintiff that she "had a contract which the city could not change." That contention is based upon U. S. Const. art. I, § 10, prohibiting state legislation impairing the obligation of a contract.

Plainly enough, from the time her rights as a tenure teacher matured, plaintiff had a contract with the city, which, however, was subject to the applicable limitations imposed by the city charter. Doyle v. City of St. Paul, 204 Minn. 558, 284 N. W. 291. Moreover, it was subject generally to the council's legislative power of amendment in respect at least to compensation. Phelps v. Board of Education, 300 U. S. 319, 57 S. Ct. 483, 81 L. ed. 674.

In the Phelps case the school superintendents and teachers who were objecting to reduction of their pay had matured tenure rights under a law assuring them not only continuing employment, but also against "reduction of salary" except for cause. In 1933, because of the existing economic conditions, the legislature of New Jersey enacted an amendatory statute authorizing boards of education to "fix and determine salaries" of teachers notwithstanding their tenure rights under existing law. Thereunder, the defendant board adopted a resolution reducing salaries for 1933. That action was held not to violate the "contract clause" of U. S. Const. (art. I, § 10) because that clause does not preclude the reduction by legislative authority of the compensation of public school teachers enjoying tenure rights such as those of the present plaintiff. The New Jersey tenure law, insofar as it prohibited reduction of pay, was considered "but a regulation of the conduct of the board and not a term of a continuing contract of indefinite duration with the individual teacher." (300 U. S. 323, 57 S. Ct. 485, 81 L. ed. 677.)

So, aside from the important fact that one of the conditions upon which plaintiff accepted employment for 1932-1933 was that her compensation was subject to change "by amendment of the present Council salary ordinance," the council could in any

event have reduced her salary. Unlike the New Jersey law, our statute (L. 1927, c. 36, 1 Mason Minn. St. 1927, § 2935-1, *et seq.*) applicable to public schools in cities of the first class, does not prevent a reduction in the salary of a tenure teacher. It does prohibit demotion, that is, reduction "in rank or * * * transfer to a lower branch of the service or to a position carrying a lower salary or compensation." Plaintiff does not claim that she was demoted. All the implications from the record are that her teaching career has been one of promotion.

A teacher's status, even that of one who has a statutory right of tenure, is that of employe and not officer. Mootz v. Belyea, 60 N. D. 741, 236 N. W. 358, 75 A. L. R. 1347, and note, p. 1352. The distinction is possibly immaterial for this case. The important thing is that neither as officer nor employe do we find anything in the tenure law or elsewhere limiting the power of the city council in respect to legislation reducing teachers' salaries. Such a general or horizontal reduction as that presently involved operates without discrimination and is within the power of the council. Such a legislative act is very different from the administrative act of demotion or reduction in rank which is prohibited by our tenure law (§ 5) unless it be for cause (§ 6).

■ As appears from what precedes, plaintiff's employment for 1932-1933 under the basic salary ordinance, No. 7034, was expressly subject to amendment of that ordinance. The new ordinance, No. 7423, effective November 10, 1932, under which plaintiff's reduction in pay was ordered, it is urged, was not an amendment of the earlier basic salary ordinance. That argument, it seems to us, is unsound. True, the new ordinance did not expressly amend or repeal the old. But both its intent and effect as amendatory city legislation are plain. It first recited the necessity for "a curtailment in the services rendered by all officers and employes of the city in the classified and unclassified service, whose salaries are not fixed by Charter or State Law." As to them the ordinance expressly provided for an immediate reduction "not to exceed five-sixths of their present working schedule." It then declared a reduction of their compensation "correspondingly."

Municipal ordinances are legislation, and in their field as well as that of statutes implied repeal is not favored. But if a statute is inescapably inconsistent with an earlier one dealing with the same subject, the new repeals the old, or amends it in proportion as it introduces change, even though there is no repealing clause and no expressed intention to amend. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8927. See Bemis Bro. Bag Co. v. Wallace, 197 Minn. 216, 266 N. W. 690.

It is perfectly plain that, in respect to the compensation of teachers for the period from November 10, 1932, the effective date of the new ordinance, until December 31, 1932 (beyond which, by its own terms, the ordinance had no effect), it could not stand along with the old ordinance. By as much as the later law declared a change, it was perforce an amendment. As such, it was new law and, as properly held below, a bar to recovery by plaintiff.

■ There is another point suggested by the record but not presented for defendant and so not determined. We are not clear that, after a teacher's rights under the tenure law mature, there is a single, continuing contract of employment or whether there is a new contract for each year. A single indivisible cause of action in tort or contract cannot be divided and made the subject of several actions. So, if one sues on contract, he must litigate all claims he then has under that contract. If they spring from the same contract, they constitute but one cause of action, and the judgment determines them all. The plaintiff in such a situation cannot recover a part of his damage for breach of the contract in one action and the remainder in another. 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5167; 5 Williston, Contracts (Rev. ed.) § 1292.

We do not decide the point simply because it has not been presented by counsel. It is important because in Doyle v. City of St. Paul, 204 Minn. 558, 284 N. W. 291, plaintiff sued for alleged wrongful reduction of her salary by the city for the year 1937. Judgment went against her on the merits. The rule just stated, if it applies, which we do not decide, would of itself bar plaintiff's

claim for supposed wrongful reduction of her salary for the year 1932.

Judgment affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

[1]Reported in 289 N. W. 562.