STATE v. NORTHWEST LINSEED COMPANY.[1]

February 21, 1941.

No. 32,621.

[1]Reported in 297 N. W. 635.

*Brill & Maslon,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

GALLAGHER, CHIEF JUSTICE.

Defendant was found guilty in the municipal court of Minne-apolis of keeping and maintaining tanks for the storage of oil without first having obtained a license from the city council in violation of a city ordinance adopted November 24, 1924. It appeals from the judgment of conviction.

The ordinance in question is entitled: "An ordinance relating to and regulating the construction, reconstruction, alteration and use of buildings, structures and premises for certain purposes in the city of Minneapolis." The applicable part reads: "No person, co-partnership or corporation shall hereafter build, re-build, enlarge, alter, place, keep, use or maintain, within the City of Minneapolis, any structure or premises for any of the following described occupations, industries or uses, unless such person, co-partnership or corporation shall have first obtained permission from the City Council so to do: * * * Storage or storehouses for oil, * * *" Approximately 25 other occupations, industries, and uses are listed in the ordinance.

Defendant contends (1) that the ordinance was repealed by subsequent enactments of the city council and (2) if not repealed, that it is void because it violates U. S. Const. Amend. XIV.

It is first urged that the ordinance of November 24, 1924, was repealed by an ordinance known as the "Building and Safety Code," approved April 3, 1934, and entitled: "An ordinance to

regulate all matters concerning or pertaining to the construction, alteration, repair, addition to, remodeling, moving, use, maintenance or occupancy of buildings or their parts, also of structures of every nature erected on private property in the city of Minneapolis; providing for the condemnation and stoppage of the use thereof and wrecking of the same; providing a penalty for the violation thereof; repealing all former ordinances conflicting therewith."

Section 3101 of the 1934 ordinance repeals all inconsistent earlier ordinances and specifically repeals nine particular ordinances, each of which is identified by its title, the date it was passed, and the date it was approved by the city council. The ordinance of November 24, 1924, is not included among the nine so listed.

Section 3103 declares certain specified earlier ordinances and regulations to be a part of the code. The ordinance here involved is not mentioned.

Defendant does not claim that the ordinance under which it was convicted was expressly repealed but contends that it was repealed by implication. A municipal council, unless prohibited by statute, constitution, or charter, may repeal an ordinance by implication without express words to that effect in the repealing ordinance. The rules governing the repeal of statutes apply to the repeal of ordinances. Doyle v. City of St. Paul, 206 Minn. 542, 289 N. W. 785; 43 C. J. p. 562, § 887.

"It is a familiar and well-settled rule that a subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. * * * The revising statute is in effect a legislative declaration that whatever is embraced in the new statute shall prevail, and whatever is excluded therefrom shall be discarded." 59 C. J. p. 921, § 521.

Repeals by implication are not favored. They will not be inferred unless such was the manifest intention of the legislature or unless the later statute fully covers the subject of the prior one and is manifestly inconsistent therewith. Hurst v. Town of Martinsburg, 80 Minn. 40, 43, 82 N. W. 1099; Baldinger v. Rockford Ins. Co. 80 Minn. 147, 148, 82 N. W. 1083; Schmitz v. Zeh, 91 Minn. 290, 298, 97 N. W. 1049, 1 Ann. Cas. 322; State v. Keyes, 188 Minn. 79, 246 N. W. 547; Bemis Bro. Bag Co. v. Wallace, 197 Minn. 216, 230, 266 N. W. 690; Doyle v. City of St. Paul, 206 Minn. 542, 289 N. W. 785; 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8927; 43 C. J. p. 565, § 893. There can be no repeal by implication unless the later ordinance is so inconsistent with and repugnant to the former that they cannot stand together. Effect will be given to both if possible. State v. Crummey, 17 Minn. 50 (72); Elgin City Banking Co. v. C. M. & St. P. Ry. Co. 160 Ill. App. 364; Junction City v. Webb, 44 Kan. 71, 23 P. 1073; 43 C. J. 565, § 893.

A general statute will not repeal a prior special statute on the same subject where it is clear that such was not the intention of the legislature. Sheldon v. Padgett, 144 Minn. 141, 144, 174 N. W. 827. Nor will an act necessarily be repealed because some or all of its provisions are covered by a later act; for the later act may be merely cumulative or auxiliary. In re Enlargement of School Dist. No. 93, 155 Minn. 41, 192 N. W. 345. Where a new mode of procedure is authorized without an express repeal of a former one relating to the same matter and the new remedy is not inconsistent with the former, the later act will be regarded as creating a concurrent mode and not abrogating the former mode of procedure. Borgerding v. Village of Freeport, 166 Minn. 202, 207 N. W. 309.

The ordinance of November 24, 1924, aims to prohibit the use of a structure or premises for any of the purposes designated without the permission of the city council. It is the purpose of the building and safety code to regulate the construction, alteration, maintenance, use, and condemnation of buildings and struc-

tures erected or to be erected in the city of Minneapolis. The building inspector is charged with the duty of administering the requirements of the code and of enforcing its provisions as to mode, manner of construction, or materials to be used. Appeal may be taken from his decision to an appeal board set up by the code. It is his duty also to sign certificates and permits issued under the code.

Although the building and safety code, by its title, purports to regulate the use and occupancy of buildings, a thorough study of the code itself discloses that use of buildings is not regulated at all except insofar as it is required that certain structural specifications be met before permits for use will be granted. No attempt is made by the code to regulate industries or occupations except as they may be indirectly affected by requirements relating to the structures in which they are to be housed.

That the building and safety code was never intended to supersede ordinances regulating particular industries and businesses is further evidenced by § 204 thereof, which provides:

"The issuing of a Building Permit shall not be construed as affecting in any way the duty of the holder thereof to obtain approval of the City, County or State Officers or Departments for any features of the work governed or affected by ordinances or statutes administered by such Officers or Departments."

The ordinance of November 24, 1924, and two other ordinances are included in a bound volume with the building and safety code and immediately following it. This volume was compiled and published in 1935 and is another indication that an implied repeal was not intended by the council.

It is clear that the purpose of the code generally is to regulate construction rather than use and that it does not repeal by implication or otherwise the provisions of the ordinance under which defendant was convicted.

It is also urged that the ordinance of November 24, 1924, was repealed by an ordinance approved December 16, 1936, entitled:

"An ordinance for preventing of fires within the city of Minneapolis, providing for licenses, regulating the storage, use, handling and sale of flammable liquids and substances and prescribing penalties for violation thereof." Inasmuch as defendant concedes that linseed oil does not come within any of the three classes of flammable substances described by the ordinance, it is not difficult to find that there is no conflict with the provisions of the ordinance of November 24, 1924, as applied here, and therefore no implied repeal.

■ It is finally contended that the ordinance in question as construed and applied to the facts in the case constitutes a denial to appellant of due process of law in violation of U. S. Const. Amend. XIV. It is argued that the business of making and selling linseed oil is a legitimate business subject to only reasonable regulation; that the council's power to withhold or grant permission to maintain linseed oil tanks is arbitrary and unreasonable because not limited to any standard defined by the ordinance. This court has sustained a number of similar ordinances. State v. Bjork, 157 Minn. 276, 195 N. W. 926; State v. Rosenstein, 148 Minn. 127, 181 N. W. 107; State v. Dirnberger, 152 Minn. 44, 187 N. W. 972; State v. Amor & Co. 153 Minn. 244, 190 N. W. 59; Meyers v. City of Minneapolis, 154 Minn. 238, 189 N. W. 709, 191 N. W. 609; State ex rel. Rose Brothers Lbr. & S. Co. Inc. v. Clousing, 198 Minn. 35, 268 N. W. 844. It is within the police power of the city council to impose restrictions and to require permits in certain industries and occupations. See State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 570, 54 A. L. R. 1012, where at page 151 the court said:

"The exercise of the police power is legislative. Its policy is not for the courts. Only when its exercise unconstitutionally affects personal or property rights do the courts take cognizance; and it is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate."

See also Central Lbr. Co. v. South Dakota, 226 U. S. 157, 33 S. Ct. 66, 57 L. ed. 164; Otis v. Parker, 187 U. S. 606, 23 S. Ct. 168, 47 L. ed. 323; Patsone v. Pennsylvania, 232 U. S. 138, 34 S. Ct. 281, 58 L. ed. 539; State v. Fairmont Creamery Co. 162 Minn. 146, 202 N. W. 714, 42 A. L. R. 548.

The judgment appealed from is affirmed.

